## Oakey *v.* Wilcox.

If, after a note has been delivered to the payee, a particular place of payment be inserted therein by interlineation, without the maker's consent, he will be discharged.

ERROR to the circuit court of Jefferson county.

This was an action of *assumpsit* on a promissory note, for 150 dollars, made by defendant, payable to, and endorsed by, one Samuel Baker.

Plea of *non assumpsit*.

On the trial, the defendant proved by Baker, that, the words, "at the bank in Rodney," were inserted in said note after he had endorsed it. That he endorsed it at the request of the defendant, and handed it back to him, and had not seen it since, and did not know whether it was interlined before it was passed to the plaintiff or not.

Upon the request of the defendant, the court charged the jury,, that, if they believed the note had been interlined after it was delivered to the payee, without the consent of Wilcox, they must find for the defendant; to which instruction plaintiffs excepted. Verdict and judgment for the defendant.

Montgomery and Boyd, for plaintiff in error.

The alteration neither increased nor diminished the liability of the maker, and, therefore, was immaterial, and did not affect the validity of the note. 18 Johns. Rep. 315.

As the payee was an accommodation endorser, and is not sought to be rendered liable in this action, it is immaterial whether he knew or consented to the alterations or not.

Where an alteration appears on the face of the instrument, and there is no evidence how, or where, or by whom it was made, the presumption is, that it was made before delivery. 1 Halst. Rep. 215; Chit. on Bills, 211, 212.

[Oakey *v.* Wilcox.]

Clark, *contra.*

Mr. Chief Justice Sharkey delivered the opinion of the court.

The note on which the suit was brought was endorsed and returned to the maker, and after endorsement, the words " at the bank in Rodney, Miss.," were added as part of the note. It does not appear whether these words were added before the delivery of the note to the plaintiff or not, or by whom they were inserted. On the trial, the defendant's counsel requested the court to charge the jury, that if they believed the interlineation was made after the note was delivered to the plaintiff, and without the consent of the defendant, the note was void, and they must find for the defendant; which charge the court gave. In this charge, there was no error. It was such an alteration of the note, as would avoid it. If there was no proof as to who made the alteration, a fair presumption might be indulged that it was done by the maker before delivery; but the jury found for the defendant, and we must presume they had sufficient before them to justify the verdict.

Judgment affirmed.